Curia, per Frost, J.
The construction of the Act of 1744, made in the cases of Lynch v. Withers, and Porter v. Maxwell, and uniformly recognized in'our practice, is now too firmly incorporated in our law to be questioned. In these cases it was decided, that if the plaintiff in an action of trespass to try title, suffer a verdict or judgment against him, or be non-suited, or discontinue, or otherwise let fall his action, he is required by the terms of the Act, within two years after such determination of the first, to commence a second action, for the recovery of the land, the subject of the first suit, and if he fail to do so, he is, after that period, barred and precluded of his right and title; and the same, as against the plaintiff, is finally and absolutely vested in the defendant.
The tract of land, demanded in this action, is proved by the record of the former recovery, to be a part of the tract of land claimed in the first suit. By the certified plat it appears that the “portion included in the red lines, and marked at the corners ABC D," and by the verdict “ is not found for the plaintiff,” contains “ two hundred and eighteen acres, situate on a branch of Wilson’s Creek, on the Anderson road, and adjoins lands of the plaintiff, Daniel Proctor, Temple Hargrove, and William Mays.” The description of the land claimed in this action, is identified, in every particular, with *143 the parcel of land described in the plat by red lines, and therein called the Owens tract; except that in the plat, the land of William Mays is called for, instead of “H. H.Mays .” But this variance is not important, because the tract of William Mays, if it be not the same as that of H. H. Mays, lies between the land of Daniel Proctor and Temple Hargrove; and by these last two boundaries, the location of the Owens tract is so ascertained, as to admit of no doubt of the identity of the Owens land with that described in the declaration.
The remaining question is, whether the record of the first suit exhibits a verdict and judgment against the plaintiff, within the meaning of the Act of 1744. The declaration in the first suit described a tract of one thousand acres, including the Owens tract. The plea was the general issue, and evidence was offered of the plaintiff’s title to the Owens tract. The verdict found for the plaintiff, part of the land described, and with respect to the Owens tract, expressly finds, that it “ is not the land of the plaintiff.” This special finding is unusual and unnecessary. It is a conclusion of law, when part of an entire tract claimed, is found for the plaintiff, that .he has no title to the remainder. A. general verdict for the defendant, in an action of trespass to try title, expresses and imports no more, than that the plaintiff has not proved a title to the land claimed by his action. No judgment could have been entered by the defendant against the plaintiff, on the verdict in the first suit. In no case where the verdict finds for the plaintiff a part of his demand, can judgment be entered for the defendant against the plaintiff, for the remainder. In this respect, it makes no difference whether the plaintiff sues for one thousand dollars, or one thousand acres of land. A general verdict for the plaintiff, is conclusive evidence against the defendant, of every thing which is put in issue by the pleadings and evidence ; and e converso. In like manner if the verdict finds for the plaintiff a part of his claim, the defendant is concluded to that extent; and the. plaintiff is con-eluded as to the remainder; and the judgment for the plaintiff for the part recovered, is a judgment for the defendant, in other words, a judgment against the plaintiff, for the part not recovered ; so that to a second suit, founded on the same cause of action, the defendant may plead the former recovery in bar.
The motion is dismissed.
Evans, Wardlaw & Withers, JX, concurred.

Motion refiised.